The next case please. Good morning. May it please the court, counsel. My name is Allison Shaw and I represent Skylar Jordan's jury trial, counsel committed two substantial errors, one of commission and one of omission. These errors were devastating to Jordan's defense and deprived him of his Sixth Amendment right to effective assistance of counsel and a fair trial. Both errors involve the testimony of the state's key witness, Torian Gregory, the only other person in the car from which shots were fired. First, counsel elicited from Gregory that Jordan sent somebody to shoot him. There was no strategic purpose for eliciting this extremely prejudicial testimony. Even if there had been such a purpose, counsel did not make use of it. He never mentioned this fact again, not in closing, and did nothing to mitigate the damage he caused by eliciting from Gregory that Jordan had sent somebody to shoot him. This testimony was damaging because it was a similar type of crime involving a shooting in the intent to kill. And it not only makes Jordan look bad, but it also bolsters Gregory's testimony, as it makes it look like Jordan needed to take out the only person who could identify him as the shooter, definitively. Jordan's theory of defense was that Gregory was the shooter, not Jordan. This testimony undermined that Gregory was the key witness and the only person in the car. There were other ways to impeach Gregory. Not only was he implicated in the crime, being the only other individual who could have fired the shots, but he was also convicted of and on probation for obstruction of justice in this case. In addition, he implicated Jordan after he was told to be a witness and not a suspect. Which brings me to the next error that counsel committed, that he failed to properly introduce the evidence that he was a witness and not a suspect. Counsel recognized the importance of this evidence and clearly believed that the shift in Gregory's statement was motivated by being told to be a witness. But after counsel attempted to question Gregory about this and was prevented, counsel simply gave up. He was told how he could introduce the testimony. However, instead of calling the officer and then recalling Gregory, counsel dropped the ball. This error was then compounded by the fact that counsel had promised this evidence in his opening statement, but then did not deliver it to the jury. Finally, to address the state's argument... On that issue, didn't Gregory admit that his testimony changed after talking with the officer for a little bit? So, counsel was able to correct this error as the interview went on. However, the crucial fact here is that from what counsel has represented on the record, is that Gregory's testimony did not make that substantial change to implicate Jordan until he was told to be a witness and not a suspect. The jury needed to hear that the key thing that got him... It wasn't just a matter of after talking a while that he then said, okay, it was Jordan that did the shooting. But it was after the officers told him, make yourself a witness, not a suspect, that he then changed his story to implicate Jordan. And is there evidence that the officer would have so testified had he been called? What we have to go on as an offer of proof is just what counsel said in his opening statement and what he argued in the sidebar. The DVD of the statement and the transcript was not have those, but... So couldn't this claim later be raised in a post-conviction petition to bring those matters that aren't part of this record to the attention of the trial court? If they're able to find them, then they could bring them in a post-conviction petition. However, we felt the necessity of raising it at this point in the proceedings, based on what was on the record, simply to prevent Jordan from being in this situation later on, on which the state would argue that it had been forfeited by not raising an indirect appeal to the extent that it had been apparent from the record. Finally, regarding the state's contention that there was no plain error, the problem with these errors were that they involved the state's key witness and that the remaining identification testimony identifying Jordan as the shooter was weak and inconsistent. Andrea, one of the witnesses to the shooting, said just an hour after the shooting that he could not make an identification of the shooter because it all happened so quickly. He only identified Jordan as the shooter much later at the trial itself. In addition, Angela, the other witness to identify him at trial, was when it was actually a black .45 caliber handgun, and also testified that she performed CPR on Anthony when both Andrea and the officer who arrived on the scene testified that it was not her, but other individuals who performed CPR on him. This deprivation effect, not only was the evidence closely balanced, but this deprivation also affected Jordan's substantial right to effective assistance of counsel. If there are no further questions, we ask that this court reverses convictions and remand for a new trial. Thank you. Mr. Arado, good morning. Good morning, Your Honor. Counsel, Thomas Arado for the people. This is a pretty straightforward case as far as the evidence goes. We disagree completely that this was closely balanced. The evidence showed that two individuals were in a vehicle that approached a house, stopped in front of the house. The two people who were drunk were shouting. One of the individuals came out of the car, raised a gun, and shot the house, the occupants, the people standing at the house. Three people, one died, two others were injured. A chase of the vehicle resulted in the defendant and Mr. Gregory being apprehended very shortly afterwards. A gun that was used in the shooting, which was matched to some of the casings and the bullets recovered from the scene, also disclosed that it was the weapon used in the shooting. Their identification, there were three witnesses who identified the defendant as the shooter. Angela Johnson said that it was him and identified him in a photo line-up shortly after the shooting. She also identified him at trial. Mr. Orlean Johnson said initially that he wasn't sure whether he could identify him, but he did give a physical description of the assailant to police. And then Mr. Johnson later identified the defendant at trial. And of course Mr. Gregory said that he was the passenger in the vehicle and it was the defendant who fired the shots. This evidence is all credible and very strong and implicates the defendant, and thus any error that occurs, those errors go first as to the extraction of Mr. Gregory that came out with that one statement that someone was sent to shoot would be Mr. Gregory. We assert that this was a matter of trial strategy and he's trying to impeach this witness. He's got nothing, essentially, because all this evidence clearly implicates the defendant in this trial. What he's got to do is destroy the credibility of Mr. Gregory. He had a conviction for obstruction of justice and yet despite being convicted, he's going to testify against the defendant. I understand that, but we can probably agree that was not a great moment in those questions. And secondly, the answer that got in was a non-responsive answer. Not only did he ask a quite frankly dumb question, but then he got a non-responsive answer because it was a yes or no question and he didn't move to strike it. It seemed like he was trying to get out why it was that he didn't like the defendant. It wasn't because he stole his girlfriend? That could only go wrong, couldn't it? Why? Well, because I saw him beat dogs and shoot babies and do all that, so I don't like him. I mean, why would he ask that question? Because I think he was leading down that path to make that statement because he wanted to show that Gregory had a motive for testifying and that was revenge. Plain and simple. And that would play well for the jury to know that hey, this guy isn't telling the truth, he's doing it because he wants to get back at the defendant. Well, he already had that. The guy said he's not my friend, so why bring out  Because he wanted to make sure that there's a really good reason why. As far as the promising of evidence, I think you've pointed out that the reason why he wanted to get that in was to show that Mr. Gregory had flipped his statement during the questioning and that was shown through the questioning that came through on the cross-examination of Mr. Gregory. So I don't believe that that is error either. He was able to get the information that he wanted even if he didn't have the actual statement by that police officer. So I believe our brief otherwise covers the remainder of the issue. So if there are no other questions, I would ask that this court adjourn. I mean, do you really think that the defense counsel wanted to end the evidence that the defendant sent some guy to hit the witness, to shoot the witness? Well, it's probably not the best approach. You're a master of understatement. But I think, let me put it this way, even if you don't have that in there, he's going to get convicted. So this is really a matter of, not harmless error because I assert that that particular point was not raised, so it's a matter of prejudicial error. But this court can certainly affirm based on the evidence in this case. Thank you, Your Honors. Thank you. Ms. Shaw, energy bubble? Just a few points, Your Honors. First, regarding counsel's argument that the evidence was closely balanced and that the error was not prejudicial. Our position is, and the evidence shows that because of these errors involved the state's key witness, Gregory. He was the only other person in the car. As the state pointed out, there is all of this evidence that it was clear that someone in the car fired the shots, which is true, which is why it was all the more important and why it was key to Jordan's defense to argue that it was the errors that counsel committed in asking Gregory, did he shoot you? And in not getting in front of the jury that he changed his statement after he was told to be a witness and not a suspect. These make Gregory look all the more convincing that he was not the shooter and make Jordan look even more like the shooter because of the fact that they, especially the testimony that Jordan had sent someone to shoot him, paint Jordan as a hardened criminal who has on other occasions committed a similar crime. But apart from the identification evidence, was there any other evidence to say which one of the two was the shooter? No. Nothing but the ID? It was the identification by Gregory, by Andrea, and by Angela. All of the other evidence merely shows that someone in the car fired the gun that was recovered. We don't know which one of those people it was. In addition, the state also points out that counsel had to destroy Gregory's credibility and that was key to his defense, which we agree. However, counsel did utilize the absolutely worst way to destroy his credibility in asking Gregory if Jordan shot him. This could have only gone wrong and there was no need to elicit this evidence, especially where there were other ways to impeach Gregory's credibility. If there are no further questions, we ask that this court reverse its convictions and remand for a new trial. Thanks. We thank both of you for your arguments this morning. We will take the matter under advisement and will issue a written decision as quickly as possible. The court will now stand in recess until 1 p.m. This court is now in recess.